```
                  IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF HAWAII

BRIAN EVANS,                      )   CIV. NO. 13-00267 SOM
                                  )
         Plaintiff,               )   ORDER DENYING EMERGENCY
                                  )   RENEWED MOTION TO RECUSE
     vs.                          )   JUDGE SUSAN OKI MOLLWAY FROM
                                  )   THIS CASE
CERBERUS CAPITAL MANAGEMENT,      )
ET AL.,                           )
                                  )
         Defendants.              )
_____ )
```

ORDER DENYING EMERGENCY RENEWED MOTION
TO RECUSE JUDGE SUSAN OKI MOLLWAY FROM THIS CASE

Plaintiff Brian Evans has filed an "Emergency Renewed Motion To Recuse Judge Susan Oki Mollway From This Case." Because the motion is not accompanied by the affidavit or declaration required by 28 U.S.C. § 144, the court construes the motion as one brought under 28 U.S.C.§ 455.

Under § 455(a), a judge shall disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." When a motion to recuse is sought based on § 455, "the motion is addressed to, and must be decided by, the very judge whose impartiality is being questioned." In re Bernard, 31 F.3d 842, 843 (9th Cir. 1994).

Although Plaintiff complains that this judge is not showing proper respect for Magistrate Judge Barry Kurren when this judge takes it upon herself to decide matters that would normally be referred to Magistrate Judge Kurren, nothing in the record suggests that Magistrate Judge Kurren himself has

expressed any dismay in that regard.  Nor does that action by this judge give rise to any right on Plaintiff's part to have this judge recused.  Indeed, Plaintiff identifies no harm flowing to him as a result.

Plaintiff says that this judge "doesn't like Plaintiff," bears "personal animosity towards the Plaintiff for filing an Official Complaint against her with the Ninth Circuit Court of Appeals," and "takes it out on a Plaintiff," all while being "irritated" and "not a very compassionate" person.  The court has scoured the emergency motion for evidence to support these assertions and finds only dissatisfaction with the judge's rulings, and disappointment that this judge has not left more matters to Magistrate Judge Kurren.  That does not support recusal.  See Liteky v. United States, 510 U.S. 540, 555-56 (1994).

Even if Plaintiff is not bringing his motion under § 455(a) but instead under 28 U.S.C. § 455(b), which concerns disqualification based a judge's "personal bias or prejudice concerning a party," this judge finds only assertions unsupported by record references in the motion.  Prior proceedings handled by this judge in this case have all been conducted on a nonhearing basis, meaning that this judge has never been in the same room or spoken directly with Plaintiff.  Everything done by this judge has been reflected in this judge's rulings.  Plaintiff points to

2

no statements in this judge's rulings evidencing dislike, animosity, or even irritation.

Plaintiff's earlier disqualification request was referred by this judge to her colleague, Judge Derrick Watson, because it was unclear whether the request might be made under § 144.  Judge Watson denied the earlier request.  This judge now similarly denies the present request.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 16, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Evans v. Cerberus Capital Management, et al., Civ. No. 13-00267 SOM/BMK, ORDER DENYING EMERGENCY RENEWED MOTION TO RECUSE JUDGE SUSAN OKI MOLLWAY FROM THIS CASE