IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRIAN EVANS, a resident of Hawaii, | CIVIL NO. 13-00267 SOM-BMK |
| Plaintiff, | ORDER REGARDING MOTIONS TO DISMISS FILED BY 1) DEFENDANTS SHARDA KAUL, RONALD A. MARVIN, AND ANTHONY J. STRACESKI (ECF NO. 45); 2) DEFENDANT STRYKER CORPORATION (ECF NO. 48); AND 3) DEFENDANTS RALPH DE LA TORRE, STEWARD HOLY FAMILY HOSPITAL STEWARD HEALTH CARE SYSTEM (ECF NO. 49); AND GRANTING DEFENDANT STRYKER CORPORATION'S REQUEST TO TRANSFER VENUE (ECF NO. 48) |
| vs. | |
| CERBERUS CAPITAL MANAGEMENT, L.P., et al, | |
| Defendants. | |

**ORDER REGARDING MOTIONS TO DISMISS FILED BY 1) DEFENDANTS SHARDA KAUL, RONALD A. MARVIN, AND ANTHONY J. STRACESKI (ECF NO. 45); 2) DEFENDANT STRYKER CORPORATION (ECF NO. 48); AND 3) DEFENDANTS RALPH DE LA TORRE, HOLY FAMILY HOSPITAL AND STEWARD HEALTH CARE SYSTEM (ECF NO. 49); AND GRANTING DEFENDANT STRYKER CORPORATION'S REQUEST TO TRANSFER VENUE (ECF NO. 48)**

I.        INTRODUCTION.

This pro se action arises out of the death of Plaintiff Brian Evans's mother, Helen Marie Bousquet.  See ECF No. 13, PageID # 36.  Evans alleges that, following his mother's knee operation at Steward Holy Family Hospital in Metheun, Massachusetts, she was placed in an unmonitored recovery room, where a sleep apnea condition led to her death.  Id.  Evans alleges that the implant used during Bousquet's knee operation was manufactured by Stryker Corporation.  Id. at PageID # 35. Evans says that the doctors and nurses who treated his mother knew she had sleep apnea.  Id. at PageID # 36.

Evans asserts claims of Personal Injury Resulting in Death, Wrongful Death, Intentional Infliction of Emotional Distress, Loss of Consortium, and Loss of Love.  Id. at PageID # 38-41.  Evans seeks damages of $50 million dollars to be distributed to causes and charities his mother would have wanted to give the money to.  Id. at PageID # 42.

Before the court are three motions to dismiss based on the absence of personal jurisdiction, one filed by Defendants Steward Health Care Systems, Steward Holy Family Hospital, and Ralph De La Torre, one filed by Defendants Dr. Ronald Marvin, Dr. Sharda Kaul, and Dr. Anthony Straceski, and one filed by Defendant Stryker Corporation.  Stryker Corporation alternatively requests that this case be transferred to the District of Massachusetts.  See ECF No. 48, PageID # 355.  The court concludes that it lacks personal jurisdiction over the moving Defendants and grants the motion to transfer venue.

II.       **BACKGROUND.**

Evans is a citizen of Hawaii.  See ECF No. 13, PageID # 31; ECF No. 13-1, PageID # 44.  Bousquet appears to have been a citizen of New Hampshire.  See ECF No. 49-12, PageID # 429.  Her medical treatment and death occurred in Metheun, Massachusetts. See ECF. No. 13, PageID # 36.

Defendant Steward Health Care Systems, LLC, is registered in Massachusetts and organized under Delaware law.

2

<u>See</u> Joseph Maher, Jr.'s (First) Declaration ¶ 2 ("Steward is a foreign limited liability company registered in the State of Massachusetts and organized under the laws of the State of Delaware"), ECF No. 49-14, PageID # 436. Defendant Steward Holy Family Hospital, Inc., is organized under Massachusetts law and has its principal office in Massachusetts. <u>See</u> Joseph Maher, Jr.'s (Second) Declaration ¶ 2 ("Hospital is organized under the laws of the State of Massachusetts, with the location of its principal office in Massachusetts"), ECF No. 49-15, PageID # 438. Defendant Ralph De La Torre is the CEO of Steward Health Care Systems, and lives in Massachusetts. <u>See</u> Ralph De La Torre Declaration ¶ 2 ("I am a resident of the State of Massachusetts"), ECF No. 49-16, PageID # 440.[1]

Bousquet was a patient at Steward Holy Family Hospital, where she allegedly underwent a routine knee operation. <u>See</u> ECF No. 13, PageID # 36. After her operation, she was allegedly given morphine and placed in an unmonitored room despite a sleep apnea condition. <u>Id.</u> at PageID # 36-37. She then allegedly went into cardiac arrest and died. <u>Id.</u> Drs. Sharda Kaul, Ronald A. Marvin, and Anthony J. Straceski are licensed to practice medicine in Massachusetts. <u>See</u> Kaul Decl. ¶ 1 ("I am licensed to

---

[1]Although De La Torre's declaration speaks of residency rather than citizenship, everything in the record suggests that De La Torre has no intent to make Hawaii his home. The court therefore concludes that there is diversity of citizenship.

practice in the State of Massachusetts"), ECF 45-2, PageID # 307; Marvin Decl. ¶ 1 ("I am licensed to practice medicine in the States of Arizona, Massachusetts and New Hampshire"), ECF 45-3, PageID # 309; Straceski Decl. ¶ 1 ("I am licensed to practice medicine in the State of Massachusetts"), ECF 45-4, PageID # 311. Evans alleges that Defendant Doctors committed medical malpractice when they treated Bousquet at Steward Holy Family Hospital in Massachusetts. See ECF No. 13, PageID # 36-37.

According to the First Amended Complaint, Stryker Corporation is a Michigan corporation engaged in the manufacturing of medical equipment. See ECF No. 13, PageID # 34-35. Evans alleges that a knee implant manufactured by Stryker Corporation was used in Bousquet's knee operation. Id. at PageID # 35. Evans alleges that Stryker Corporation did not review Bousquet's records before shipping out her knee implant. Id. at PageID # 38.[2]

III.        LEGAL STANDARD.

A plaintiff has the burden of establishing personal jurisdiction over a nonresident defendant. See Love v. Associated Newspapers, Ltd., 611 F.3d 601, 608 (9th Cir. 2010);

---

[2] The court notes that although Evans asserts claims of Personal Injury Resulting in Death, Wrongful Death, and Intentional Infliction of Emotional Distress against Defendant Stryker Orthopedics (as opposed to Stryker Corporation), the First Amended Complaint contains no factual allegations specifically relating to Stryker Orthopedics. See ECF No. 13.

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).  A plaintiff must establish personal jurisdiction over a defendant with respect to each claim.  Action Embroidery Corp. v. Atl. Embroidery, Inc., 368 F.3d 1174, 1180 (9th Cir. 2004) ("Personal jurisdiction must exist for each claim asserted against a defendant." (citing Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1289 n.8 (9th Cir. 1977)).

When, as here, a district court acts on a motion to dismiss without holding an evidentiary hearing, a plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.  Love, 611 F.3d at 608; Schwarzenegger, 374 F.3d at 800.  Although a plaintiff may not simply rest on the bare allegations in a complaint, uncontroverted allegations in the complaint must be taken as true, and conflicts between parties over statements contained in affidavits or declarations must be resolved in the plaintiff's favor.  See Love, 611 F.3d at 608; Schwarzenegger, 374 F.3d at 800.

**IV.      ANALYSIS.**

The district court considers two factors before exercising personal jurisdiction over a nonresident defendant in a diversity of citizenship case: "1) whether an applicable state rule or statute potentially confers jurisdiction over the defendant; and (2) whether assertion of such jurisdiction accords

5

with constitutional principles of due process." Flynt Distrib.
Co. v. Harvey, 734 F.2d 1389, 1392 (9th Cir. 1984). "The
jurisdictional inquiries under state law and federal due process
merge into one analysis" when, as here, the state's long-arm
statute is "co-extensive with federal due process requirements."
Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991). See
Cowan v. First Ins. Co. of Haw., 61 Haw. 644, 649, 608 P.2d 394,
399 (1980) ("Hawaii's long-arm statute, HRS § 634-35, was adopted
to expand the jurisdiction of the State's courts to the extent
permitted by the due process clause of the Fourteenth
Amendment."). Accordingly, personal jurisdiction over Defendants
Steward, Defendant Doctors, and Stryker Corporation depends on
federal due process requirements.

The Due Process Clause protects a person's "liberty
interest in not being subject to the binding judgments of a forum
with which he has established no meaningful 'contacts, ties, or
relations.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-
72 (1985) (quoting Int'l Shoe Co. v. Wash., 326 U.S. 310, 319
(1945)). The Due Process Clause requires that a defendant have
"certain minimum contacts with [Hawaii] such that the maintenance
of the suit does not offend traditional notions of fair play and
substantial justice." Int'l Shoe, 326 U.S. at 316. See Data
Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th
Cir. 1977). To have the required minimum contacts, a defendant

6

must have purposefully availed itself of the privilege of conducting activities within the foreign jurisdiction, thereby invoking the benefits and protections of the foreign jurisdiction's laws.  See Asahi Metal Indus. Co. v. Sup. Court of Cal., 480 U.S. 102, 109 (1987).  In applying Due Process Clause requirements, courts have created two jurisdictional concepts-- general and specific jurisdiction.

> **A.  The Court Lacks General Jurisdiction over Defendants Steward, Defendant Doctors, and Stryker Corporation.**

A court may exercise general jurisdiction over a defendant when the defendant is a resident or domiciliary of the forum state, or the defendant's contacts with the forum state are continuous, systematic, and substantial.  Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414-16 (1984); Data Disc, 557 F.2d at 1287 ("If the nonresident defendant's activities within a state are 'substantial' or 'continuous and systematic,' there is a sufficient relationship between the defendant and the state to support jurisdiction even if the cause of action is unrelated to the defendant's forum activities.").

Defendant Steward, Defendant Doctors, and Stryker Corporation are not physically in Hawaii.  See Maher (First) Decl. ¶ 3 ("Steward is a community-based accountable care organization and community hospital network operating in Massachusetts, with its principal office located in

Massachusetts"), ECF No. 49-14, Page ID # 436; Maher (Second) Decl. ¶ 2 ("Hospital is a hospital organized under the laws of the State of Massachusetts, with the location of its principal office in Massachusetts"), ECF No. 49-15, Page ID # 438; De La Torre Decl. ¶ 2 ("I am a resident of Massachusetts"), ECF No. 49-16, PageID # 440; Kaul Decl. ¶ 3 ("I have never been to the state of Hawaii"), ECF No. 45-2, PageID  # 307; Marvin Decl. ¶ 3 ("I have only been to Hawaii once"), ECF No. 45-3, PageID # 309; Straceski Decl. ¶ 3 ("I have never been to the state of Hawaii"), ECF No. 45-4, PageID # 311; ECF No. 48-1, PageID # 347.

Defendant Steward and Defendant Doctors do not have continuous, systematic, and substantial contacts with Hawaii. See Maher (First) Decl. ¶ 5 ("Steward does not provide medical services in Hawaii, does not transact business in Hawaii, does not employ persons or rent space in Hawaii, and has no contacts in Hawaii"), ECF No. 49-14, PageID # 437; Maher (Second) Decl. ¶ 4 ("Hospital operates in Massachusetts, does not provide medical services in Hawaii, does not transact business in Hawaii, does not employ persons or rent in Hawaii, and has no contacts with Hawaii"), ECF No. 49-15, PageID # 438; De La Torre Decl. ¶ 3 ("I am not a resident of Hawaii and have never been a resident of Hawaii.  I have never visited Hawaii, have never conducted business in Hawaii, have never employed anyone in Hawaii, and have no contacts with Hawaii"), ECF No. 49-16, PageID # 440; Kaul

8

Decl. ¶5 ("I have not conducted any business doing business activity in the State of Hawaii or advertising in the State of Hawaii"), ECF No. 45-2, PageID # 307; Marvin Decl. ¶ 5 ("I have not conducted any business doing business activity in the State of Hawaii or advertising in the State of Hawaii"), ECF No. 45-3, PageID # 309; Straceski Decl. ¶ 5 ("I have not conducted any business doing business activity in the State of Hawaii or advertising in the State of Hawaii"), ECF No. 45-4, PageID # 311.

Stryker Corporation is not located in Hawaii and does not engage in continuous and systematic general business contacts in Hawaii. See ECF No. 48-1, PageID # 347. Evans argues that Stryker Corporation's products are used in every hospital that performs surgeries in Hawaii, but does not detail how many or how often Stryker products are used in Hawaii. See ECF No. 13-1, PageID # 35. Evans only alleges that some Stryker products are used within the state. Id. A defendant must have extensive and explicit contacts with a forum state for a court in that state to exercise general jurisdiction over that defendant. See Helicopteros Nacionales de Colombia, S.A., 466 U.S. at 411 (holding that a company that purchased 80% of its helicopter fleet, spare parts, and accessories from a Texas company, sent pilots for training, and sent management and maintenance personal to Texas for technical consultation was not subject to general jurisdiction in Texas). On the record before the court at this

9

time, Evans has not met his burden of demonstrating that this court has general jurisdiction over Stryker Corporation.  See Love, 611 F.3d at 608; Schwarzenegger, 374 F.3d at 800.

> **B.  The Court Does Not Have Specific Jurisdiction over Defendants Steward, Defendants Doctors, and Stryker Corporation.**

Specific jurisdiction may be found when the cause of action arises out of a defendant's contact or activities in the forum state.  See Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991); Data Disc, 557 F.2d at 1287.  To ensure that the exercise of specific jurisdiction is consistent with due process, a court must be satisfied that the following have been shown:

> 1) the nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct; 2) plaintiff's claim must arise out of or result from the defendant's forum-related activities; and 3) exercise of jurisdiction must be reasonable.

Roth, 942 F.2d at 620-21.

> **1.  Purposeful Availment**

In tort cases, the Ninth Circuit, sitting en banc, has stated that a defendant purposely avails itself of a forum in the following circumstances: "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1206 (9th Cir. 2006)

(en banc) (formatting omitted).[3]  The Ninth Circuit has explained
that the third prong is satisfied when a defendant's intentional
act has "foreseeable effects" in the forum.  Brayton Purcell LLP
v. Recordon & Recordon, 606 F.3d 1124, 1131 (9th Cir. 2010).
None of the alleged acts by the Defendants Steward, Defendant
Doctors, or Stryker Corporation satisfies this test.

Bousquet was hospitalized at Steward Holy Family
Hospital, a Steward Health Care System hospital, located in
Massachusetts.  See ECF No. 13, PageID # 36.  While Bousquet was
at Steward Holy Family Hospital, Defendant Doctors performed a
routine knee operation on Bousquet and allegedly left her in an
unmonitored room after the operation, where she died.  Id. at
PageID # 37.  The knee replacement product implanted in Bousquet
at the Massachusetts hospital was allegedly manufactured by
Stryker Corporation.  Id. at PageID # 35.

All of Evans's claims sound in tort and arise from
events that allegedly occurred at Steward Holy Family Hospital in
Massachusetts.  Nothing in the record suggests that any action
allegedly causing the harm Evans complains of is in any way
connected to the purposeful availment by Defendants Steward,

_____

[3]In its en banc decision, the Ninth Circuit, noting that
prior panels had been unclear as to whether the "brunt" of the
harm had to be suffered in the forum state, clarified that the
"brunt" of the harm did not have to be suffered in the forum
state.  Yahoo!, 433 F.3d at 1207.

11

Defendant Doctors, or Stryker Corporation of any benefit related to Hawaii.

### 2.   Forum-Related Activities

Steward, Defendant Doctors, and Stryker Corporation's alleged acts occurred in Massachusetts, and there are no allegations indicating that Evans's claims arise out of or are related to any forum-related activities.

### 3.   Reasonableness

This leaves the final prong for adjudication--whether the exercise of personal jurisdiction is reasonable.  Having established that Defendants have not purposefully availed themselves of this forum and that the claims do not arise out of or result from forum-related activities, the court is left without a reasonable basis for exercising jurisdiction over them.

## V.   VENUE

Pursuant to 28 U.S.C. § 1391(b),

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to

the court's personal jurisdiction with
respect to such an action.

Under 28 U.S.C. § 1404(a), a district court may
transfer any civil action to any other district or division where
it might have been brought if it is in the interests of justice
and convenient for the parties and witnesses.  See also Lung v.
Yachts Int'l, Ltd., 980 F. Supp. 1362, 1370 (D. Haw. 1997).  This
statute partially displaces the common law doctrine of forum non
conveniens.  Miracle, 87 F. Supp. 2d at 1073.  While the relevant
factors to consider are the same, a district court has broader
discretion to transfer under § 1404(a) than under the forum non
conveniens doctrine.  See Lung, 980 F. Supp. at 1370.  The
purpose of § 1404(a) is to prevent the waste of time, energy, and
money and to protect litigants, witnesses, and the public against
unnecessary inconvenience and expense.  Id. at 1369 (citing Van
Dusen v. Barrack, 376 U.S. 612, 616 (1964)).

Pursuant to 28 U.S.C. § 1391(b), venue in the District
of Hawaii is not proper.  All of the events giving rise to
Evans's claims occurred, or allegedly should have occurred, in
Massachusetts, and this court has already determined that
Defendants' conduct in Hawaii was not sufficient to establish
personal jurisdiction.

Furthermore, Stryker Corporation has also made the
required requisite strong showing of inconvenience under U.S.C.
§ 1404(a) to have the case transferred to Massachusetts.  The

13

majority of Defendants named in the Complaint reside in Massachusetts and all remaining Defendants reside in states that are much closer to Massachusetts than to Hawaii.  <u>See</u> ECF No. 48-1, PageID # 356-357.  Additionally, because all of the conduct alleged in the Complaint occurred in Massachusetts, most of the witnesses, hospital records, and the hospital itself are located in or around Massachusetts.  <u>Id.</u> at PageID # 357.

No party having discussed possible time bars, the court is also concerned that it cannot determine whether, if it dismisses the case, Evans's claims will ultimately be barred by applicable limitations periods.  Because "both Congress and the States have made clear, though various procedural statutes, their desire to prevent timely actions brought in courts with improper venue from being time-barred merely because the limitation period expired while the action was in the improper court," the court transfers this case in an abundance of caution to prevent any such occurrence.  <u>Oltman v. Holland Am. Line, Inc.</u>, 538 F.3d 1271, 1278 (9th Cir. 2008).

This court finds that the convenience of the majority of parties and the interests of justice would best be served by trying this case in Massachusetts.  The court notes that Evans has already requested a transfer of venue to the District of Massachusetts in a separate proceeding.  <u>See</u> <u>Evans v. The Boston Red Sox</u>, Civ. No. 13000262, ECF No. 146.  Under the

circumstances, the court transfers this case to the District of Massachusetts.

**VI.       CONCLUSION.**

The court concludes that it does not have personal jurisdiction over Steward, Defendant Doctors, and Stryker Corporation with respect to each claim asserted in the First Amended Complaint, ECF No. 13.

The court grants Stryker Corporation's motion to transfer to the District of Massachusetts.  The Clerk of Court shall complete the transfer no later than December 20, 2013.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 21, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Evans v. Cerberus Capital Management, L.P.; Civil No. 13-00267 SOM/BMK; ORDER
REGARDING MOTIONS TO DISMISS FILED BY 1) DEFENDANTS SHARDA KAUL, RONALD A. MARVIN, AND
ANTHONY J. STRACESKI (ECF NO. 45); 2) DEFENDANT STRYKER CORPORATION (ECF NO. 48); AND
3) DEFENDANTS RALPH DE LA TORRE, STEWARD HOLY FAMILY HOSPITAL AND STEWARD HEALTH CARE
SYSTEM (ECF NO. 49);  AND GRANTING DEFENDANT STRYKER CORPORATION'S REQUEST TO TRANSFER
VENUE (ECF NO. 48)